John Tehranian (Bar. No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Joanna Ardalan (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 437-8665
Facsimile:   (310) 943-2085

Attorneys for Plaintiff,
Automobilia II, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| AUTOMOBILIA II, LLC, a Florida limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>ELECTRICARTGALLERY.COM, business form unknown, JAY ANDRE, an indiviudal, CALIFORNIA CAR COVER COMPANY, a California corporation, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

      Plaintiff Automobilia II LLC ("Automobilia II"), by and through its attorneys of record, complains against Defendant ElectricArtGallery.com, entity form unknown ("EA"), Defendant Jay Andre ("Andre") and Defendant California Car Cover Company ("California Car"), and DOES 1 through 10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, on information and belief the Defendants transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, on information and belief Defendants run a mail order business that has sold and continues to sell infringing works to California and Defendant California Car can be found in this Judicial District.

## PARTIES

3. Plaintiff Automobilia II is a limited liability company that exists under the laws of Florida.

4. Plaintiff is informed and believes and, upon such, alleges that Defendant EA is a business, entity type unknown, which has its principal place of business in Las Vegas, Nevada. On information and belief, EA is operated and managed by Defendant Jay Andre ("Andre"), who, on information and belief is responsible for the infringement complained of herein, at least with respect to causing the Photos to be displayed on the EA websites.

5. Plaintiff is informed and believes and, upon such, alleges that Defendant California Car Cover Company is a California corporation, which has its principal place of business in Chatsworth, California.

6. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

### *The Photos Forming the Subject Matter of This Dispute*

7. Lucinda Lewis is a photographer who captures a nostalgic look of America through its automobiles while posed with neon-lit diners, drive in movies, and Route 66 landmarks among many others. Lewis's photographs have been published in books, calendars, and posters which have been sought after by car enthusiasts and history buffs, and they have been licensed for many thousands of dollars. All of Lewis's images are professional-grade and uniquely captured and each have been transferred to Plaintiff Automobilia II.

8. At least six of these images form the subject matter of this dispute and are referred to herein as the "Photos."

9. Automobilia II, or its predecessor in interest which has assigned its interest to Automobilia II, has timely registered the Photos with the United States Copyright Office, and their respective registration numbers include, at least Vau000240810, VA0000526794, VAu000483774, VAu000285961, VAu000618404 and VA0000647827.

10. Automobilia II owns all rights, title and interests (including the copyrights thereto) to the Photos.

### *The Defendants and the Marketplace*

11. Electric Art frames wall art and "enhance[s]" the art "with special lighting effects including neon, L.E.D. lights and 'mini-lights' which are miniature screw-in

incandescent bulbs." EA operates a neon art business off of the websites electricartgallery.com and electric-art-gallery.com.

12. EA's websites feature a "Back to the 50s" gallery which is replete of Automobilia II's registered Photos. In addition, EA features Automobilia II's images in its "Classic Photography," "Best Sellers," "Billiards and Game Rooms" and "Cars, Trucks. & Bikes" Galleries. EA displays the Works on its websites in addition to selling unauthorized derivative works of the same for as much as $249.95 each. True and correct screenshots of infringements found of the EA website is attached as Exhibit A.

13. On information and belief, EA sold at least one of the works to Defendant California Car that is also re-selling the EA unauthorized derivative work for as much as $119.95 each and displaying it on its website, calcarcover.com. True and correct screenshots of the infringement found on the California Car website is attached as Exhibit B.

14. On information and belief, EA's websites and the California Car website reaches and solicits business from individuals around the world, including viewers in California.

15. Automobilia II alleges, on information and belief, that Defendants owned and operated their respective websites at all times relevant to this dispute.

16. Defendants have, on information and belief, violated federal law by willfully infringing Automobilia II's copyrights on their respective websites and through their unauthorized distribution of derivative works without permission, consent or license. *See* Exhibits A & B. On information and belief, the Exhibits attached do not capture the full scope of Defendants' infringement. Plaintiff is informed and believes that Defendants have and continue to infringe other copyrighted images belonging to Plaintiff.

17. On information and belief, Defendants' reproduction, distribution and public display of Automobilia II's Photos, and derivatives thereof, continues unabated to this very day.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501

### Against EA and Andre)

18. Plaintiff Automobilia II incorporates here by reference the allegations in paragraphs 1 through 17 above.

19. Automobilia II is the rightsholder to the copyrights of the Photos, which substantially consist of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Automobilia II, or its predecessor in interest, has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office.

20. Defendant EA and Defendant Andre have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Automobilia II's copyrights by reproducing, displaying, distributing, creating a derivative work thereto and utilizing the Photos for purposes of trade without authorization of or payment to Automobilia II in violation of 17 U.S.C. § 501 *et seq.*

21. Defendants have willfully infringed, and unless enjoined, will continue to infringe Automobilia II's copyrights by knowingly reproducing, displaying, distributing, creating a derivative work thereto, and utilizing the Photos for purposes of trade.

22. On information and belief, Defendants' acts of infringement are willful because, inter alia, Defendant EA is a sophisticated business with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. In addition, EA displays the '©' notice of its websites putting all on notice that it claims the copyrights to the websites.

23. On information and belief, Defendants EA and Andre, despite such knowledge, willfully reproduced, publicly distributed and publicly displayed the Photos on the Websites and unlawfully sold unauthorized derivative works of the Photos to customers for substantial profit.

24. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photos for purposes of trade, including by increasing the traffic to their websites and increasing sales of its infringing neon art.

25. The actions of Defendants were and are continuing to be performed without the permission, license or consent of Automobilia II.

26. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Automobilia II will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Plaintiff seeks a declaration that Defendants are infringing Automobilia II's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

27. As a result of the acts of Defendants alleged herein, Automobilia II has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

28. Plaintiff has identified at least six works willfully infringed by Defendants, which occurred by way of reproduction, public distribution and public display of the Photos on the Website.  Therefore, Plaintiff is entitled to a potential award of up to $ $1,050,000 million in statutory damages.

29. Alternatively, at its discretion, Automobilia II is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

30. Plaintiff is also entitled to its attorney's fees, costs and interest in prosecuting this action.

/ / /

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501

### Against California Car Cover Company)

31. Plaintiff Automobilia II incorporates here by reference the allegations in paragraphs 1 through 30 above.

32. Automobilia II is the rightsholder to the copyrights of the Photos, which substantially consist of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Automobilia II, or its predecessor in interest, has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office.

33. Defendant California Car has directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Automobilia II's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade without authorization of or payment to Automobilia II in violation of 17 U.S.C. § 501 *et seq.*

34. Defendants have willfully infringed, and unless enjoined, will continue to infringe Automobilia II's copyrights by knowingly reproducing, displaying, distributing and utilizing the Photos for purposes of trade.

35. On information and belief, Defendants' acts of infringement are willful because, inter alia, Defendant Car Cover is a sophisticated business with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. Specifically, in the Terms of its website, Car Cover warns that "All content included on this site, such as text, graphics, logos, button icons, images, audio clips and software, is the property of California Car Cover Company or its suppliers and protected by U.S. and international copyright laws" and cautions users that it may not modify, publish, or create derivative works from the content on its website.

36. On information and belief, Defendant California Car, despite such knowledge, willfully reproduced, publicly distributed and publicly displayed one of the Photos on the

its websites and unlawfully sold unauthorized derivative works of the Photos to customers for substantial profit. On information and belief, Defendant EA sold the infringing Photo to Defendant California Car as "Electric Art Pictures" is identified as the brand. *See* Exhibit B.

37. Defendant has received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photo for purposes of trade, including by increasing the traffic to their websites and increasing sales of its infringing neon art.

38. The actions of Defendant was and is continuing to be performed without the permission, license or consent of Automobilia II.

39. The wrongful acts of Defendant has caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Automobilia II will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Automobilia II's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement of Plaintiff's copyrights.

40. As a result of the acts of Defendants alleged herein, Automobilia II has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

41. Plaintiff has identified at least one work willfully infringed by Defendant, which occurred by way of reproduction, public distribution and public display of the Photos on the Website. Therefore, Plaintiff is entitled to a potential award of up to $150,000 in statutory damages.

42. Alternatively, at its discretion, Automobilia II is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

43.   Plaintiff is also entitled to its attorney's fees, costs and interest in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.   That Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Automobilia II's rights in the photographs at issue;

2.   That Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

3.   That An accounting be made for all profits, income, receipts or other benefit derived by Defendant from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4.   Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5.   For actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b); and

/ / /

/ / /

6. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: October 19, 2018              **ONE LLP**

By: /s/ Joanna Ardalan
    Joanna Ardalan
    John Tehranian
    Attorneys for Plaintiffs,
    Automobilia II, LLC

**COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff Automobilia II hereby demand trial by jury of all issues so triable under the law.

Dated: October 19, 2018  **ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
John Tehranian
Attorneys for Plaintiff,
Automobilia II, LLC