MICHAEL A. DiNARDO (#216991)
JOHN E. KELLY (#40217)
KELLY & KELLEY, LLP
6320 Canoga Ave, Suite 1650
Woodland Hills, CA, 91367
Office: 818-347-7900
Fax: 818-340-2859
Email: mike@kelly-kelleylaw.com

Attorneys for Defendant CALIFORNIA CAR COVER COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AUTOMOBILIA II, LLC,<br>      Plaintiff,<br><br>  v.<br><br>ELECTRICARTGALLERY.COM, et al,<br>      Defendants.<br><br>CALIFORNIA CAR COVER COMPANY,<br>      Cross-Complainant,<br><br>  v.<br><br>ELECTRICARTGALLERY.COM, and JAY ANDRE,<br>      Cross-Defendants. | CASE NO. 2:18-cv-09037-DSF-AFM<br><br>**ANSWER OF DEFENDANT CALIFORNIA CAR COVER COMPANY TO PLAINTIFF'S COMPLAINT**<br><br>**and**<br><br>**CROSS-COMPLAINT FOR INDEMNITY AND CONTRIBUTION AGAINST CROSS-DEFENDANTS**<br><br>**JURY DEMAND** |

Defendant California Car Cover Company ("Defendant" or "CalCar"), by and through its attorneys, hereby respond to Plaintiff Automobilia II, LLC's Complaint ("Complaint"):

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff alleges that the complaint is for a civil action against Defendant arising under the Copyright Act, 17 U.S.C. §§ 101 et. seq.. Defendant further admits that this Court has subject matter jurisdiction over the claim under 28 U.S.C. §1331, 17 U.S.C. §501(a), and 28 U.S.C. §1338(a). Except as expressly admitted herein, Defendant denies any remaining allegations.

2. Defendant admits that venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, in that the Defendant transacts business in this Judicial District, and the alleged injury suffered by Plaintiff took place in this Judicial District. Defendant further admits that it is subject to the general and specific personal jurisdiction of this Court because of its contacts with the State of California. Except as expressly admitted herein, Defendant denies any remaining allegations.

## PARTIES

3. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

4. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

5. Admitted.

6. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

## STATEMENT OF FACTS

### *The Photos Forming the Subject Matter of This Dispute*

7.  Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

8.  Defendant acknowledges that Plaintiff has purported to identify at least six images that for the subject matter of the dispute and designated those images as "Photos", but that Plaintiff did not specifically identify those images in this definition of "Photos".  Except as expressly acknowledged herein, Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

9.  Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

10.  Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

### *The Defendants and the Marketplace*

11.  Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

12.  Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

13.  Defendant admits that it displayed at least one of the accused works on its website at calcarcover.com and offered to sell such accused work for as much as $119.95.  Defendant admits that it purchased at least one of the accused works from Defendant EA.  Defendant acknowledges that Plaintiff has purported to attach screenshots from the calcarcover.com website as Exhibit B to the Complaint.  Except as expressly admitted here, Defendant denies any remaining allegations.

14. Defendant admits that its website at calcarcover.com reaches and solicits business from viewers in California. Except as expressly admitted herein, Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

15. Defendant admits that it owned and operated its website located at calcarcover.com at all times relevant to this dispute. Except as expressly admitted herein, Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

16. Denied.

17. Denied.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. §501
### Against EA and Andre)

18. Defendant incorporates here by reference the admissions and denials in paragraphs 1 through 17 above.

19. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

20. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

21. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

22. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

23. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

24. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

25. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

26. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

27. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

28. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

29. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

30. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

## SECOND CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. §501
## Against California Car Cover Company)

31. Defendant incorporates here by reference the admissions and denials in paragraphs 1 through 30 above.

32. Defendant lacks information sufficient to form a belief as to the allegations of this paragraph and on that basis denies them.

33. Denied.

34. Denied.

35. Defendant admits that the Terms of its website state "All content included on this site, such as text, graphics, logos, button icons, images, audio clips and software, is the property of California Car Cover Company or its suppliers and protected by U.S. and international copyright laws" and cautions users about modifying, publishing, creating derivations of the content. Except as expressly admitted herein, Defendant denies the allegations of this paragraph.

36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.
41. Denied.
42. Denied.
43. Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in his Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Defendant, reserving the right to assert additional defenses as may be revealed through discovery or otherwise in this case or required by any amendments to this Complaint, asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

44. Plaintiff's Complaint fails to state claim upon which relief may be granted against Defendant, insofar as Plaintiff has failed to fully inform Defendant of the images in which it alleges to own the copyright.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

45. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches, insofar as Plaintiff or it predecessor-in-interest communicated similar concerns to Defendant three years prior and thereafter failed to respond to

Defendant's reasonable inquiries concerning the allegedly infringing works and Defendant's suppliers.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

46. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, to wit, the three year limitations period (17 USC §507(b)), which began to run at least as early as December 2015 when Plaintiff or its predecessor-in-interest knew or should have known of the alleged injuries.

### FOURTH AFFIRMATIVE DEFENSE
### (Ratification, Waiver and Estoppel)

47. Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, waiver and estoppel, insofar as Plaintiff or its predecessor-in-interest, on information and belief, has already received the benefit of a license or similar authorization to Defendant or its suppliers.

### FIFTH AFFIRMATIVE DEFENSE
### (Consent and Acquiescence)

48. Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and acquiescence, insofar as Plaintiff or its predecessor-in-interest communicated similar concerns to Defendant three years prior and indicated its consent and acquiescence through its silence, and, on information and belief, has already received the benefit of a license or similar authorization to Defendant or its suppliers.

### SIXTH AFFIRMATIVE DEFENSE
### (License)

49. Plaintiff's claims are barred, in whole or in part, by a license to Defendant and/or it suppliers from Plaintiff or its predecessor-in-interest.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

50. Plaintiff's claims are barred because Plaintiff lacks standing, insofar as Plaintiff has not suffered an injury to business or property.

## EIGHTH AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

51. Plaintiff's claims are barred, in whole or in part, by the first sale doctrine (17 USC §109), insofar as the allegedly infringing works were, on information and belief, purchased from Plaintiff or its predecessor-in-interest.

## NINTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

52. Plaintiff's claims of willful infringement are barred, in whole or in part, by the doctrine of innocent infringement insofar as, at all times, Defendant was not aware that its actions constituted copyright infringement, and Defendant had no reason to believe that its actions constituted copyright infringement.

## TENTH AFFIRMATIVE DEFENSE
### (17 USC § 411(a))

53. Plaintiff's claims for copyright infringement are barred and/or limited by the provisions of 17 USC § 411(a), insofar as the asserted images were not subject of a copyright registration before filing of the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (17 USC § 412)

54. Plaintiff's claims for copyright infringement are barred and/or limited by the provisions of 17 USC § 412, insofar as the asserted images were not subject of a copyright registration before filing of the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (Reservation)

55. Defendant reserves the right to assert additional affirmative defenses that may become apparent during the course of the litigation.

WHEREFORE, Defendant prays for relief as follows:

(1) That the Complaint be dismissed with prejudice as alleged against Defendant, and that Plaintiff take nothing from Defendant herein;

(2) That Defendant be awarded its costs of suit, including its reasonable attorneys' fees, incurred in defense of this action;

(3) For such other and further relief as the Court may deem just and proper.

## CROSS-COMPLAINT
### JURISDICTION AND VENUE

56. This Court has jurisdiction over these cross-claims pursuant to 28 U.S.C. § 1332, insofar as the parties are citizens of different states and the amount in controversy exceeds $75,000, and §1367.

57. Venue is proper in this judicial district unde 28 USC §1391(b) and (c) in that the cross-claims arise in this Judicial District, one information and believe, Cross-Defendants transact business in this Judicial District, and the injury to Cross-Complainant took place in this Judicial District.  Cross-Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with California.  Specifically, Cross-Defendants have sold and continue to sell articles, including the alleged infringing articles, to Cross-Complainant in this Judicial District.

# PRELIMINARY ALLEGATIONS

58. Cross-Complainant is informed and believes, and on that basis alleges, that Cross-Defendant Jay Andre ("Andre") is an individual residing in Las Vegas, Nevada, and at all times alleged herein, was transacting business throughout California, including in this judicial district.

59. Cross-Complainant is informed and believes, and on that basis alleges, that Cross-Defendant ElectricArtGallery.com ("EA", collectively with Andre, "Cross-Defendants") is an entity of unknown type, having a principal place of business in Las Vegas, Nevada, and at all times alleged herein, was transacting business throughout California, including in this judicial district.

60. Cross-Complainant is informed and believes and on that basis alleges that at all times alleged herein, Cross-Defendant Andre was the owner, operator, and manager of Cross-Defendant EA, and each of them, were the legal agents, servants, representatives and/or employees of the other Cross-Defendants, and in doing the things herein alleged, were acting within the course and scope of such relationship.

# FIRST CAUSE OF ACTION
## (Equitable Indemnity
## Against All Cross-Defendants)

61. Cross-Complainant incorporates here by reference the allegations in paragraphs 56 through 60 above.

62. A complaint entitled Complaint for Copyright Infringement was filed by Plaintiff Automobilia II, LLC against Cross-Complainant and Cross-Defendants on or about October 19, 2018 alleging damages arising as a result of alleged infringement certain copyrights through the display and sale of certain works of

art. Said complaint, for purposes of its allegations only, is incorporated by reference herein as though fully set forth at length.

63. Cross-Defendants have represented to Cross-Complainants that they were licensed, permitted, and/or otherwise authorized to create, display, and sell the certain works of art alleged in the complaint to be infringing.

64. Cross-complainant has incurred, is incurring and will continue to incur attorneys' fees, court costs, investigative costs and other costs in connection with defending against said complaint, the exact amount of which is unknown at this time. When the same has been ascertained, Cross-Complainant will seek leave of court to amend this Cross-Complaint to set forth the true nature and amount of said costs and expenses.

65. If Cross-Complainant is held liable and responsible to Plaintiff for damages as alleged in the complaint, it will be solely due to the conduct of Cross-Defendants, and each of them, as herein alleged. Therefore, Cross-Complainant is entitled to indemnification by said Cross-Defendants, and each of them should such liability arise.

66. Cross-Complainant alleges that it is in no way legally responsible for the events giving rise to Plaintiff's complaint, and not legally responsible in any manner for the damages allegedly sustained by said Plaintiff. If, contrary to the foregoing allegations, Cross-Complainant herein is held to be liable for all or any part of the claim for damages asserted against Cross-Complainant by Plaintiff, then Cross-Complainant is informed and believes, and based upon such information and belief, alleges that Cross-Defendants, and each of them, misrepresented certain facts and breached certain express and implied contracts.

67. Cross-Complainant is informed and believes at this time that the above acts of the Cross-Defendants, and each of them, were the proximate cause of the damages and/or losses to Plaintiff.

68.     If Cross-Complainant is held liable or responsible to the Plaintiff for damages, said liability, which is alleged by Plaintiff to be in excess of $75,000, will be the direct and proximate result of the active and affirmative conduct on the part of Cross-Defendants, and each of them.

69.     Cross-Complainant is entitled to complete indemnification by said Cross-Defendants, and each of them, for any sum or sums for which it may be adjudicated liable to Plaintiff, with costs of defense, costs of suit, and reasonable attorneys' fees incurred therefrom.

70.     By reason of the foregoing, Cross-Defendants, and each of them, are responsible and liable for any such damages in direct proportion to the extent of their creation, display, and sale of the alleged infringing artwork in bringing about said damages. If Cross-Complainant is found to be responsible for any of the damages of Plaintiff, then Cross-Complainant is entitled to judgment over and against Cross-Defendants, and each of them, in an amount proportionate to the amount of Cross-Complainant's financial responsibility for such damages that exceed it portion of responsibility, if any.

## SECOND CAUSE OF ACTION
### (Comparative Indemnity
### Against all Cross-Defendants)

71.     Cross-Complainant incorporates here by reference the allegations in paragraphs 56 through 70 above.

72.     Cross-complainant contends that it is in no way legally responsible for the events giving rise to Plaintiff's complaint, or legally responsible in any other manner for the damages allegedly sustained by Plaintiff. However, if as a result of the matters alleged in Plaintiff's complaint, Cross-Complainant is held liable for all or any part of the claim or damages asserted against it by Plaintiff, Cross-

Defendants, and each of them, to the extent that their fault was a proximate cause of Plaintiff's damages and/or losses, are responsible for said damages and/or losses in proportion to each Cross-Defendants' misrepresentation and breach, and this Cross-Complainant is entitled to a determination of several liability.

73. By reason of the foregoing, Cross-Complainant is entitled to indemnity from Cross-Defendants, and each of them, for all costs, fees, expenses, settlements and judgments paid by and incurred by Cross-Complainant in connection with Plaintiff's complaint.

### THIRD CAUSE OF ACTION
### (Contribution Against All Cross-Defendants)

74. Cross-Complainant incorporates here by reference the allegations in paragraphs 56 through 73 above.

75. Cross-complainant contends that it is in no way legally responsible for the damages alleged in Plaintiff's complaint. However, if as a result of the matters alleged in Plaintiff's complaint, Cross-Complainant is held liable for all or any part of Plaintiff's alleged damages, Cross-Defendants herein, and each of them, to the extent that their fault is determined by the Court, are obligated to reimburse and are liable to Cross-Complainant for all or any liability so assessed by way of contribution, and Cross-Complainant accordingly asserts herein such right to contribution.

### FOURTH CAUSE OF ACTION
### (Declaratory Relief
### Against all Cross-Defendants)

76. Cross-Complainant incorporates here by reference the allegations in paragraphs 56 through 75 above.

77. An actual controversy has arisen between Cross-Complainant and Cross-Defendants, and each of them, with respect to the rights, obligations and duties of the parties: (a) Cross-Complainant contends that it is without fault, responsibility or blame for any of the damages which Plaintiff may have suffered. If there is any copyright infringement, those actions were committed by and/or the responsibility of Cross-Defendants and not the Cross-Complainant. Cross-Complainant contends that it is entitled to indemnity from Cross-Defendants, and each of them. (b) Cross-complainant is informed and believes, and based thereon alleges, that the Cross-Defendants, and each of them contend to the contrary.

**PRAYER FOR RELIEF**

WHEREFORE, Cross-Complainant California Car Cover Company prays for judgment as follows:

1. For a declaration of Cross-Complainant's rights and duties;

2. For an order of the court declaring the percentage of fault, if any, between Cross-Complainant and Cross-Defendants, and each of them, for damages and losses allegedly caused to Plaintiff;

3. For an order of the court awarding judgment in favor of Cross-Complainant against Cross-Defendants, and each of them, based upon the relative percentage of fault of each party including the Plaintiff;

4. For an order of this court that the Cross-Complainant is entitled to be fully indemnified by Cross-Defendant, and each of them, for any and all settlements or

compromises and/or judgments entered into by Cross-Complainant as a result of this action;

5. For attorneys' fees, court costs, investigative costs and other expenses incurred by Cross-Complainant in the defense of the complaint according to proof; and

6. For such other and further relief as the court may deem just and proper.

Dated: January 4, 2019          Respectfully submitted:

KELLY & KELLEY, LLP

By: /Michael A. DiNardo/
    Michael A. DiNardo, Esq.

Attorneys for Defendant/Cross-Complainant
CALIFORNIA CAR COVER COMPANY

# DEMAND FOR JURY TRIAL

Defendant/Cross-Complainant California Car Cover Company hereby demands a trial by jury on all issues and claims so triable.

Dated: January 4, 2019                Respectfully submitted:

KELLY & KELLEY, LLP

*/Michael A. DiNardo/*
By:_____
   Michael A. DiNardo, Esq.

Attorneys for Defendant/Cross-Complainant
CALIFORNIA CAR COVER COMPANY

CERTIFICATE OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am over the age of eighteen (18) and not a party to the within action. My business address is 6320 Canoga Ave, Suite 1650, Woodland Hills, CA 91367. I am employed by a member of the bar of this Court at whose direction this service was made.

    On January 4, 2019 I served the foregoing document described as:

**ANSWER OF DEFENDANT CALIFORNIA CAR COVER COMPANY TO PLAINTIFF'S COMPLAINT and JURY DEMAND; and CROSS-COMPLAINT FOR INDEMNITY AND CONTRIBUTION AGAINST CROSS-DEFENDANTS; JURY DEMAND**

on the interested parties in this action, as follows:

| | |
|---|---|
| Joanna Ardalan | John Tehranian |
| ONE LLP | ONE LLP |
| 9301 Wilshire Blvd | 4000 MacArthur Blvd |
| Penthouse Suite | East Tower, Suite 500 |
| Beverly Hills, CA 90210 | Newport Beach, CA 92660 |
| e-mail: jardalan@onellp.com | e-mail: jtehranian@onellp.com |

(X)    CM/ECF: I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing, which transmits a Notice of Electronic Filing to the CM/ECF registrants listed above.

( )    ELECTRONIC MAIL to the email address listed

( )    FIRST CLASS US MAIL to the physical address listed

    Executed on January 4, 2019, at Woodland Hills, California.

    _____s/Michael DiNardo/_____
        Michael DiNardo